FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JAMEY DEON JIMERSON, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 12-10301-UA (DUTYx) |
| v. | |
| W.C.I., a Corporation, | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |
| DEFENDANT(S). | |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____     _____
Date                         United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency            ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous  ☐ Immunity as to _____
☒ Other: Failure to state a claim upon which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(ii).

Comments:

On December 3, 2012, Plaintiff lodged a complaint and filed a Request to Proceed In Forma Pauperis. (Cont. Page 2.)

January 10, 2013                 Alicia G. Rosenberg
Date                              United States Magistrate Judge

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED      ☒ DENIED (See comments above).

1/16/13                          _____
Date                              United States District Judge

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act by making an "unauthorized inquiry" in violation of 15 U.S.C. § 1681b(3)(A).[1] (Complaint at 4 & ¶ 12.)

According to Plaintiff, he received a copy of his Equifax credit report on February 9, 2012.[2] On the report, Plaintiff noticed an "unauthorized inquiry" by Defendant made in May 2011. (*Id.* ¶ 12.) Plaintiff alleges that Defendant did not have a "[]permissible purpose in requesting the consumer credit report" and that Plaintiff incurred an "[a]dverse action" as a result of the entry. (*Id.* ¶ 19.)

Equifax may "furnish a consumer report . . . [t]o a person which it has reason to believe – intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010); *Landaker v. Bishop etc.*, 2012 WL 6025741, *6 (W.D. Wash. 2012) ("Action taken in furtherance of the collection of a debt is also a permissible purpose").

Plaintiff alleges that Defendant is not a "verifiable creditor," nor was it engaged by a verifiable creditor. (*Id.* ¶ 14.) According to the entry for Defendant W.C.I., the creditor is Sprint and the date assigned was April 2011. The entry indicates that Plaintiff owes Sprint $1,211 as of May 2011. (Complaint, Ex. A.) Plaintiff does not allege that he does not owe Sprint $1,211. "One of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer." *Pyle v. First Nat'l Collection Bureau*, 2012 WL 5464357, *4 (E.D. Cal. 2012) (citation and quotation marks omitted.).

Accordingly, Plaintiff fails to state a claim. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). This denial is without prejudice.

---

[1] The statutory section cited by Plaintiff does not exist. 15 U.S.C. § 1681b is broken down first into subsections (a), (b), etc.

[2] Plaintiff attaches a partial print-out of a page from Equifax's website, which he identifies as his consumer report. (Complaint, Ex. A.)